Xiao v. Whitaker

BIA
A072 474 278

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand nineteen.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

TIAN-BAO XIAO,
> *Petitioner,*

v.                                              16-3771
                                                NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              John Chang, Esq., New York, NY.

FOR RESPONDENT:              Jennifer A. Singer, Trial
                             Attorney, Office of Immigration
                             Litigation, United States
                             Department of Justice, Washington,
                             DC; Shelley R. Goad, Assistant
                             Director; Chad A. Readler, Acting
                             Assistant Attorney General.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tian-Bao Xiao, a native and citizen of the People's Republic of China, seeks review of an October 27, 2016 decision of the BIA, denying Xiao's motion to reopen. *In re Tian-Bao Xiao,* No. A072 474 278 (B.I.A. Oct. 27, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Xiao asserted that conditions for Christians worsened in China over the years since the agency's entry of his removal order, excusing his untimely filing of the motion and demonstrating his prima facie eligibility for asylum in light of his conversion to Christianity in the United States.[1]

Xiao untimely filed his motion to reopen in 2016, nineteen years after his deportation order became final in

---

[1] Xiao also asserted a fear of forced sterilization under China's family planning policy. Xiao has abandoned any related claim for asylum, however, by not raising it in his brief on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

1997.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  The statutory time limitation for filing a motion to reopen does not apply, however, where a petitioner seeks reopening to apply for asylum, and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).  The BIA did not err in finding that Xiao failed to demonstrate such changed country conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).  Xiao failed to submit any evidence detailing the treatment of Christians at the time of his 1995 hearing.  Such evidence is necessary to make a comparison between those conditions and those prevailing when he filed his motion.  *See id.; see also INS v. Abudu*, 485 U.S. 94, 110 (1988) ("[T]he moving party bears a heavy burden.").  Furthermore, the BIA reasonably found that the evidence Xiao submitted, which

consisted of news articles published from 2004 through 2013, were insufficient to establish the requisite material change in conditions. For example, one article dated May 1, 2013, notes that, since 1999, the United States has designated China a "country of particular concern" under the International Religious Freedom Act, while another reports that the harm Christians in China suffered in 2012 was "not as gravely serious" as that observed 30 years earlier. The tension between the two tends to undercut Xiao's claim. Further, although the evidence Xiao provided discusses general interference by the Chinese government with unregistered religious groups, it reports no incidents of officials targeting Christians in Xiao's home province of Fujian. *See Jian Hui Shao*, 546 F.3d at 142, 149 (finding no error in the BIA's requirement that an applicant demonstrate that officials in his local area enforce a government policy in a manner that would give rise to a well-founded fear of persecution when the country conditions evidence demonstrates local variations in enforcement).

Accordingly, the BIA reasonably concluded that Xiao did not sufficiently demonstrate a material change in country conditions in the relevant period such as would excuse his motion's untimely filing. *See* 8 U.S.C. § 1229a(c)(7)(C); *see*

4

*also In re S-Y-G-*, 24 I. & N. Dec. at 257.[2]

Xiao's request for humanitarian parole did not render him eligible for an exception to the time limitation on his motion, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3). Rather, "his motion to reopen for humanitarian parole could only be considered upon exercise of the Agency's *sua sponte* authority," since exercise of that authority is not subject to the time limitation, *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also* 8 C.F.R. § 1003.2(a). We lack jurisdiction to review the agency's decision declining to reopen proceedings *sua sponte*. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although we may remand "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood*, 570 F.3d at 469, no such misperception infected the BIA's decision here. The BIA concluded in its discretion that Xiao's biannual medical appointments to monitor him for recurrence of his cancer did

---

[2] In view of this conclusion, we do not reach the BIA's alternative basis for denying Xiao's motion based on his religious practice: his failure to establish prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

not warrant reopening, *see In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (B.I.A. 1999) (providing that *sua sponte* authority is "not . . . a general remedy for any hardships created by enforcement of the . . . limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations."). We may not revisit that conclusion on petition for review.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court